UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x
                                    )
IN RE OLSTEN CORPORATION            )
SECURITIES LITIGATION               )     No. 97-CV-5056
                                    )     (DRH)
------------------------------------x

**AFFIDAVIT OF ROBERT I. HARWOOD**
**IN SUPPORT OF THE ENTRY OF AN ORDER**
**DIRECTING DISTRIBUTION OF THE NET SETTLEMENT FUND**

STATE OF NEW YORK   )
                    )  ss.:
COUNTY OF NEW YORK  )

ROBERT I. HARWOOD, being duly sworn, deposes and says:

1.    I am a member of the firm of Wechsler Harwood LLP. My firm is Co-Lead Counsel for plaintiffs and the Class in the securities class action on behalf of certain public shareholders of Olsten Corporation ("Olsten").

2.    By Order and Final Judgment dated August 31, 2001, the Court approved a settlement of this action and retained jurisdiction over, among other things, the distribution of the settlement proceeds.  In February 2003, plaintiffs sought approval of the distribution of the settlement funds.  After extensive briefing and over the objection of claimant Robert Riedinger, the Court granted plaintiffs' application on April 16, 2004.

3.    Mr. Riedinger appealed such Order to the Court of Appeals for the Second Circuit.  On September 12, 2005, the Second Circuit reversed and remanded the case for further proceedings.

4.    Based on the Second Circuit's Opinion, plaintiffs requested that  the Claims Administrator recalculate the proposed plan of allocation to include Mr. Riedinger so that he would receive his pro rata share of the settlement fund.  Mr. Riedinger's counsel has had an opportunity to review the revised plan of allocation and has consented to the entry of the proposed order directing distribution of the net settlement fund.   With the exception of allowing Mr. Riedinger's claim, the previously approved submissions are unchanged.

5.    Accordingly, I submit this affidavit in support of plaintiffs' application for entry of an order directing that the Settlement Fund be distributed to the Class in accordance with the final determinations made by the Claims Administrator, Berdon Administration LLC ("Berdon").

6.    In accordance with the Stipulation of Settlement, the parties created a cash fund of approximately $24.1 million plus interest ("Settlement Fund") to be distributed in the following manner:   (1) the amount awarded by the Court for attorneys' fees and reimbursement of expenses would be paid to plaintiffs' counsel; (2) the costs and expenses incurred in the administration of the Settlement Fund would be paid to the Claims Administrator; and (3) the remainder of the Settlement Fund (the "Net Settlement Fund"), would be distributed to all members of the Class who submitted valid claims for payment, on a pro rata basis.

2

7. As detailed in the affidavit of Michael Rosenbaum (the "Rosenbaum Affidavit") annexed hereto as Exhibit 1, the Claims Administrator has performed, inter alia, the following services: (i) processing of the Proofs of Claim submitted by Class Members; (ii) determining the adequacy of the Proofs of Claims and any documentation submitted therewith; (iii) notifying claimants regarding any inadequacies in their Proofs of Claim; (iv) making final determinations regarding the approval or rejection of deficient claims; and (v) preparing and filing tax returns on behalf of the Settlement Fund.

8. The process of administering the Proofs of Claims is complete and upon the direction of the Court, Berdon is prepared to distribute the Net Settlement Fund to all class members who have submitted valid claims.

9. By Order dated April 16, 2004, the Court ordered that Berdon be paid $478,410.94 comprised of $53,910.94 in out-of-pocket expenses and $424,500 in fees. Berdon has agreed not to seek any additional fees and expenses to expedite the distribution to the claimants. Plaintiffs' counsel is also not seeking any

3

additional fees or expenses incurred in connection with the administration of the Settlement Fund, including defense of the appeal.

ROBERT I. HARWOOD

Sworn to before me this
29th day of October, 2005.

Notary Public

JOY RIFKIN GLASS
Notary Public, State of New York
No 01GL4707485
Qualified in New York County
Commission Expires July 31, 2005

4

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
_____
                                    )
IN RE OLSTEN CORPORATION            )        No. 97-CV-5056 (DRH)
SECURITIES LITIGATION               )
                                    )                                    :
_____)
```

## AFFIDAVIT OF MICHAEL ROSENBAUM IN SUPPORT OF
## RENEWED MOTION TO DISTRIBUTE NET SETTLEMENT FUND

```
STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NASSAU       )
```

MICHAEL ROSENBAUM, being duly sworn, deposes and says:

1.  I am Managing Director of Berdon Claims Administration LLC ("Berdon"), Claims Administrator for the above-captioned class action. I am and have been the person at Berdon primarily responsible for administering the settlement of this litigation brought on behalf of the Olsten Corporation ("Olsten") class members and have worked with, and under the direction of Wechsler Harwood LLP, Plaintiffs' Co-Lead Counsel ("Plaintiffs' Counsel").

2.  I submit this affidavit, based on personal knowledge, in support of plaintiffs' renewed application for an Order directing final distribution of the Net Settlement Fund.

3.  As detailed in my January 30, 2003 affidavit submitted in connection with the initial application to distribute the Settlement Fund, Berdon was retained by Plaintiffs' Counsel, with the approval of the Court, to arrange for the printing and mailing of the Notice of Pendency of Class Action, Settlement and Hearing Thereon, and the Proof of Claim (collectively, the "Notice") to all persons and entities who purchased the common stock of Olsten during the period from February 5, 1996 through and including July 22, 1997 (the "Class," the "Class Period"). This office was also

responsible for arranging the publication of the Summary Notice For Publication (the "Summary Notice") in the national edition of *The Wall Street Journal*.

4.   In performing these tasks, Berdon dealt directly with a financial printer with regard to the Notice, and with an advertising agency in connection with the Summary Notice.   To effect the mailing of the Notice, Berdon created mailing labels from the names and addresses of: (a) Olsten shareholders obtained and provided to this office by Plaintiffs' Counsel; (b) brokers, banks and other nominees contained in the Depository Trust Company's Participant Proxy Contact List, as well as the compliance personnel of said brokers, banks and other nominees, both identified from databases created and maintained by Berdon; and (c) financial institutions identified by Vickers Directory of Institutional Investors as having held positions in Olsten during the Class Period.   We made formatting suggestions to, and compiled comments from, counsel on the galley proofs and caused the necessary revisions to be made.

5.   Subsequent to the initial mailing of 3,277 copies of the Notice on May 14, 2001, described in my affidavit sworn to on August 20, 2001 and previously filed with the Court, and up to and including this date, my office mailed an additional 58,343 copies of the Notice in response to telephone, written and website requests for additional copies thereof from individuals and nominees, as well as directly to beneficial owners, using the mailing labels therefor that were provided by certain nominees.

6.   Berdon reviewed and analyzed the 16,436 Proof of Claim forms ("Proof(s) of Claim" or "claim form(s)") received and responded to Class members' inquiries regarding the action, the settlement and the procedures for filling out the claim forms. Throughout the administration process, we were in close contact with Plaintiffs' Counsel and were able to address concerns regarding claims that Berdon had deemed either questionable or problematic.   Large individual claims and institutional claims filed by banks and trading companies, both types with multiple, complex

transactions, were reviewed separately and in great detail. Our final report (the "Summary of the Claims Administration Process"), which is described in detail below, is annexed as Schedule 1.

7. In reviewing the claims that were submitted, Berdon determined that some were deficient or incomplete. Among the deficiencies found were: (a) claim forms were not filled out completely; (b) claim forms were not signed by the proper party, or at all; (c) individuals signing claim forms on behalf of others did not submit proof of authority to file on behalf of those claimant; or (d) claimants had failed to submit adequate documentation of the purchases or sales of Olsten common stock during the Class Period, holdings at the commencement or end of the Class Period, or otherwise failed to give adequate information as to Class Period purchases, sales and/or holdings. Berdon mailed letters to each of these claimants (Exhibit A), advising them of the deficiency in their claim and requesting that they cure it within 20 days. In many cases, the deficiencies were cured. To those claimants whose deficiencies were not cured, Berdon mailed final notices (Exhibit B) and made follow-up telephone calls if further clarification was required with respect to supporting documentation. The one claimant who objected to our determination sought relief from the Court of Appeals for the Second Circuit and, based on its decision, has now been included with those claims deemed to be properly documented. No other claimants have objected to or contested our determination of their deficiency.

8. Berdon's "Summary of the Claims Administration Process" (Schedule 1) sets forth the final status of claims received by this office, as follows:

a. <u>Properly Documented Claims</u>: Berdon has identified 13,697 properly documented claims with Recognized Claims amounting to $145,605,976.38 (Exhibit C), which were calculated in the following manner:

For shares of Olsten common stock that were purchased during the period from February 5, 1996 through and including November 20, 1996 and: (1) sold on or before November

20, 1996: no damages; (2) sold between November 21, 1996 and May 7, 1997, the number of shares purchased and sold multiplied by the lesser of: (a) $5.375 (here and thereafter, or values are post-split); or (b) the actual purchase price(s) less the actual sales price(s); (3) sold between May 8, 1997 and July 22, 1997, the number of shares purchased and sold multiplied by the lesser of: (a) $6.375; or (b) the actual purchase price(s) less the greater of: (i) the actual sales price(s); or (ii) $18.00; (4) held through July 22, 1997, the number of shares purchased multiplied by $10.00.

For shares of Olsten common stock that were purchased during the period from November 21, 1996 through and including May 7, 1997 and: (1) sold on or before May 7, 1997: no damages; (2) sold between May 8, 1997 and July 22, 1997, the number of shares purchased and sold multiplied by the lesser of: (a) $1.00; or (b) the actual purchase price(s) less the greater of: (i) the actual sales price(s); or (ii) $18.00 (if the purchase price was less than $18.00 per share, there are no damages); (3) held through July 22, 1997, the number of shares purchased multiplied by the lesser of: (a) $4.625; or (b) the actual purchase price(s) less $18.00 (if the purchase price was less than $18.00 per share, there are no damages).

For shares of Olsten common stock that were purchased during the period from May 8, 1997 through and including July 22, 1997 and: (1) sold on or before July 16, 1997: no damages; (2) sold between July 17, 1997 and July 22, 1997, the number of shares purchased and sold multiplied by the actual purchase price(s) less the greater of: (a) the actual sales price(s); or (b) $18.00 (if the purchase price was less than $18.00 per share, there are no damages); (3) held after July 22, 1997, the number of shares purchased multiplied by the lesser of: (a) $1.00; or (b) the actual purchase price(s) less the greater of (i) the actual sales price(s); or (ii) $18.00 (if the purchase price was less than $18.00 per share, there are no damages). The time frame for sales extended through March 15, 2000, Record Date of the merger into Adecco S.A.

Shares originally sold short, prior to or during the Class Period, carried no compensable losses. Transactions resulting in gain were not included in the computation of Recognized Claim.

Included in the properly documented claims are 13,294 claims that were filed timely and 403 claims that were received after the filing deadline. Late claims have been included, since it appears that the claimants did not receive a Proof of Claim from their brokers in a timely manner. We therefore recommend that all valid and complete claims be approved as calculated.

b. <u>Claims Not Documented</u>: Berdon has identified 484 inadequately documented or completely undocumented claims, with estimated Recognized Claims amounting to $922,997.42 that cannot be verified, and we recommend that these claims be rejected (Exhibit D). As stated above, we have advised these claimants of our determination, and no one has objected to or contested this determination.

c. <u>Ineligible Claims</u>: Berdon has identified 2,255 claims, which we recommend be completely rejected (Exhibit E). Included in this category are (i) Defendants; (ii) claims with no purchases of Olsten common stock made during the Class Period; and (iii) duplicate claims. All of these claimants were notified (Exhibit F).

9. Pursuant to the Notice, each Authorized Claimant will receive a proportionate share of the Net Class Settlement Fund based upon the ratio of that Authorized Claimant's Recognized Claim to the aggregate of all Authorized Claimants' Recognized Claims.

10. By order dated April 16, 2004, the Court approved a fee of $424,500.00. The fee covered a variety of services, including, but not limited to: (a) creating databases and computer programming services; (b) arranging for the printing of the Notice and the publication of the Summary Notice; (c) creating mailing labels and generating lists of potential claimants for the initial mailing; (d) fulfilling all subsequent requests from nominees and Olsten beneficial owners for copies of the Notice; (e)

reviewing and analyzing claims; (f) conducting follow-up fax and phone solicitations of nominees to reach their beneficial holders of Olsten common stock; (g) providing telephone assistance to claimants and maintaining the Olsten website; (h) calculating the Recognized Claim for ultimate distribution of the Net Settlement Fund; (i) preparing and mailing Settlement checks to claimants; and (j) preparing  income tax returns.  See Exhibit G.

11.  In addition, the Court also approved an outstanding balance of $53,910.94 in out-of-pocket expenses that it had incurred and expected to incur in connection with the final distribution of the Class Settlement proceeds, also set forth in Exhibit G .

12.  Berdon hereby waives any and all fees and expenses that may have been incurred subsequent to January 30, 2003.

MICHAEL ROSENBAUM

Sworn to before me this
17th day of October, 2005.

Notary Public

MARLENE HURWITZ
NOTARY PUBLIC, State of New York
No. 46-97422
Qualified in Nassau County
Commission Expires April 30, 1907

-6-

Schedule 1

## OLSTEN CORPORATION SECURITIES LITIGATION
## SUMMARY OF THE CLAIMS ADMINISTRATION PROCESS
### AS OF OCTOBER 17, 2005

| | NUMBER OF CLAIMS | ALLOWED RECOGNIZED CLAIMS | DISALLOWED RECOGNIZED CLAIMS | TOTAL |
|---|---|---|---|---|
| Properly documented Claims which we recommend be included in the calculation of each Claimant's allocable share of the Net Settlement Fund, including 403 Claims received past the filing deadline (Exhibit C) | 13,697 | $ 145,605,976.38 | - | $ 145,605,976.38 |
| Undocumented Claims which did not include sufficient documentation of Class Period trading activity and which we recommend not be included in the calculation of the allocable share of the Net Settlement Fund (Exhibit D) | 484 | - | $ 922,997.42 | 922,997.42 |
| Ineligible Claims (Exhibit E) | 2,255 | - | - | - |
| **Total** | **16,436** | **$ 145,605,976.38** | **$ 922,997.42** | **$ 146,528,973.80** |

# Exhibit A

OLSTEN CORPORATION SECURITIES LITIGATION
c/o BERDON LLP
P.O. BOX 9014
JERICHO, NY 11753-8914

June 12, 2002

MISSING DOCUMENTATION LETTER
SAMPLE

Your Claim Number: OLSTEN-1

Dear Claimant:

We acknowledge receipt of the Proof of Claim and Release form you filed in connection with the Olsten Corporation Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- Social Security number or Tax ID is missing. Please enter the number here and return to the above address: _____

- Proper signature(s). Please see the attached copy of the certification and signature page and note that both/all signatures are required for joint claims. Include copies of death certificates, power of attorney, relevant portions of will or legal agreements, if necessary.

- You did not provide complete information for the shares of Olsten Corporation common stock delivered out on the date(s) listed below. (In order for us to account for such activity in accordance with the Plan of Allocation, we must be furnished with the information indicating whether the shares delivered out were retained through or sold prior to the end of the Class Period. If you fail to provide us with this information, your claim will be calculated based on the currently available trading activity.)

  Date delivered 09/01/1996

  Date delivered 10/01/1996

- You did not provide documentation for the purchase(s) of shares of Olsten Corporation common stock for the date(s) listed below. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and cost of the security purchased.)

  Date of purchase 01/10/1997

  Date of purchase 02/21/1997

- You did not provide complete information and documentation for the shares of Olsten Corporation common stock received on the date(s) listed below. (In order for us to account for such activity in accordance with the Plan of Allocation, we must be furnished with the original purchase information of the shares received. If you fail to provide us with this information, your claim will be calculated based on the currently available trading activity.)

  Date of receipt 03/02/1996

  Date of receipt 04/02/1996

- You did not provide documentation for the sale(s) of shares of Olsten Corporation common stock for the date(s) listed below. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and proceeds for the security sold.)

  Date of sale 08/20/1998

  Date of sale 08/25/1998

- You did not provide documentation for the shares of Olsten Corporation common

stock held at the close of trading on February 4, 1996. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your February 1996 brokerage statement; a copy of Schedule D for your tax return(s); a letter from the broker.)

Number of shares:   5080.000

- You did not provide documentation for the shares of Olsten Corporation common stock held at the close of trading on July 22, 1997. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your July 1997 brokerage statement, a copy of Schedule D for your tax return(s); a letter from the broker.)

Number of shares:   14620.000

- Other (if applicable): _____

_____

**The above requested information must be provided within twenty (20) days from the date of this letter.**

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Pendency of Class Action, Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Please refer to our website www.BERDONLLP.com/claims for complete list of various types of documentation deemed acceptable by this office as well as the up-to-date information on the status of this case. Should you have any further questions regarding this letter, please contact us at 1-800-766-3330.

**It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.**

Very truly yours,

Claims Administrator
Olsten Corporation Securities Litigation

OLSTEN CORPORATION SECURITIES LITIGATION
c/o BERDON LLP
P.O. BOX 9014
JERICHO, NY 11753-8914

June 14, 2002

NO INFORMATION LETTER
SAMPLE

Your Claim Number: OLSTEN-2

Dear Claimant:

We acknowledge receipt of the Proof of Claim and Release form you filed in connection with the Olsten Corporation Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- You did not indicate on your Proof of Claim and Release form any of the following:

    1. Number of shares of Olsten Corporation common stock held at the close of trading on February 4, 1996.

    2. Purchases of shares of Olsten Corporation common stock made during the period from February 5, 1996 through July 22, 1997, inclusive.

    3. Additional acquisitions of Olsten Corporation common stock made during the period from July 23, 1997 through April 30, 2001, inclusive.

    4. Sales of shares of Olsten Corporation common stock made during the period from February 5, 1996 through April 30, 2001, inclusive.

    5. Number of shares of Olsten Corporation common stock held at the close of trading on July 22, 1997.

    (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, number of shares purchased/sold, cost and sales proceeds.)

- Other (if applicable):

    _____

    _____

**The above requested information must be provided within twenty (20) days from the date of this letter.**

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Pendency of Class Action, Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Please refer to our website  www.BERDONLLP.com/claims  for complete list of various types of documentation deemed acceptable by this office as well as the up-to-date information on the status of this case. Should you have any further questions regarding this letter, please contact us at 1-800-766-3330.

**It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.**

Very truly yours,

Claims Administrator
Olsten Corporation Securities Litigation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*In re Olsten Corporation Securities Litigation*
No. 97-CV-5056 (DRH)

June 12, 2002

Your Claim Number: OLSTEN-1

### AFFIRMATION AND DECLARATION

I (We) certify that I am (we are) **NOT** subject to any backup  withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE:** IF you have been notified  by the Internal Revenue Service  (IRS)  that you are subject to backup withholding,  strike  out  the  word  **NOT**. If  you  were notified by the IRS that you were subject  to backup withholding  but  have  since been notified by the IRS that you are no longer subject  to backup withholding, do not strike out any part of the certification.  **If you have never been notified  by the IRS that you are subject to backup  withholding, do not strike out any part of certification.**

By executing and submitting this Proof of Claim and Release, I (We) understand that I am (we are) subject to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose  of enforcing  the Settlement and the Release of Claims.

I (We) certify under penalty of perjury, under the laws  of the United  States of America that, to the best of my (our) knowledge, information,  and belief,  the information on this claim  form (and any additional sheets)  is true  and correct, and that this is the only  claim  being  made  with  respect  to these  purchases,

executed this _____ day of _____, 2002, in _____,
(City)

_____ .
(State/Country)

_____
Signature of Claimant

_____
(Type or Print Your Name Here)

_____
Signature of Joint Claimant, if any

_____
(Type or Print Your Name Here)

_____
Capacity of person(s) signing, if
other than in an individual capacity,
e.g., Beneficial Owner, Executor or
Administrator

# **Exhibit B**

OLSTEN CORPORATION SECURITIES LITIGATION
c/o BERDON LLP
P.O. BOX 9014
JERICHO, NY 11753-8914

FINAL NOTICE

August 15, 2002

MISSING DOCUMENTATION LETTER
SAMPLE

Your Claim Number: OLSTEN-1

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Olsten Corporation Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- Social Security number or Tax ID is missing. Please enter the number here and return to the above address: _____

- Proper signature(s). Please see the attached copy of the certification and signature page and note that both/all signatures are required for joint claims. Include copies of death certificates, power of attorney, relevant portions of will or legal agreements, if necessary.

- You did not provide complete information and documentation for the shares of Olsten Corporation common stock delivered out on the date(s) listed below. (In order for us to account for such activity in accordance with the Plan of Allocation, we must be furnished with the information indicating whether the shares delivered out were retained through or sold prior to the end of the Class Period. If you fail to provide us with this information, your claim will be calculated based on the currently available trading activity.)

Date delivered 09/01/1996

Date delivered 10/01/1996

- You did not provide documentation for the purchase(s) of shares of Olsten Corporation common stock for the date(s) listed below. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and cost of the security purchased.)

Date of purchase 01/10/1997

Date of purchase 02/21/1997

- You did not provide complete information and documentation for the shares of Olsten Corporation common stock received on the date(s) listed below. (In order for us to account for such activity in accordance with the Plan of Allocation, we must be furnished with the original purchase information of the shares received. If you fail to provide us with this information, your claim will be calculated based on the currently available trading activity.)

Date of receipt 03/02/1996

Date of receipt 04/02/1996

- You did not provide documentation for the sale(s) of shares of Olsten Corporation common stock for the date(s) listed below. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, quantity, and proceeds for the security sold.)

Date of sale 08/20/1998

Date of sale 08/25/1998

- You did not provide documentation for the shares of Olsten Corporation common stock held at the close of trading on February 4, 1996. (Acceptable documentation includes, but is not limited to, one of the following: a copy of

your February 1996 brokerage statement; a copy of Schedule D for your tax return(s); a letter from the broker.)

Number of shares:   5080.000

- You did not provide documentation for the shares of Olsten Corporation common stock held at the close of trading on July 22, 1997. (Acceptable documentation includes, but is not limited to, one of the following: a copy of your July 1997 brokerage statement, a copy of Schedule D for your tax return(s); a letter from the broker.)

Number of shares:   14620.000

- The trading activity indicated on your Proof of Claim and Release form is incomplete. In other words, the number of shares owned at the close of business on February 4, 1996 [   5080.000] plus the number of shares purchased during the Class Period [   7074.000] plus the number of shares acquired during the period July 23, 1997 through and including April 30, 2001 [   6000.000] less the number of shares sold during the period February 5, 1996 through and including April 30, 2001 [   2072.000] does not equal the number of shares owned on the close of business on April 30, 2001 [   1000.000]. Our computations account for the 3-for-2 split in March of 1996, merger into Adecco S.A. and split-off of Gentiva Health Services Inc. in March of 2000.

Please explain the discrepancy and provide all the necessary documentation in support thereof:

_____

_____

If you fail to provide this information, your claim will be calculated based on the currently available trading activity.

- Other (if applicable):

_____

_____

If you fail to furnish all the information requested above within ten (10) days from the date of this letter, we will recommend to the Court that your claim be either partially or completely rejected, without further notice.

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Pendency of Class Action, Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Please refer to our website www.BERDONLLP.com/claims for complete list of various types of documentation deemed acceptable by this office as well as the up-to-date information on the status of this case. Should you have any further questions regarding this letter, please contact us at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.


Very truly yours,


Claims Administrator
Olsten Corporation Securities Litigation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*In re Olsten Corporation Securities Litigation*
No. 97-CV-5056 (DRH)

August 15, 2002

Your Claim Number: OLSTEN-1

### AFFIRMATION AND DECLARATION

I (We) certify that I am (we are) **NOT** subject to any backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE:** IF you have been notified by the Internal Revenue Service (IRS) that you are subject to backup withholding, strike out the word **NOT**. If you were notified by the IRS that you were subject to backup withholding but have since been notified by the IRS that you are no longer subject to backup withholding, do not strike out any part of the certification. **If you have never been notified by the IRS that you are subject to backup withholding, do not strike out any part of certification.**

By executing and submitting this Proof of Claim and Release, I (We) understand that I am (we are) subject to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the Settlement and the Release of Claims.

I (We) certify under penalty of perjury, under the laws of the United States of America that, to the best of my (our) knowledge, information, and belief, the information on this claim form (and any additional sheets) is true and correct, and that this is the only claim being made with respect to these purchases,

executed this _____ day of _____, 2002, in _____,
(City)

_____.
(State/Country)

_____
Signature of Claimant

_____
(Type or Print Your Name Here)

_____
Signature of Joint Claimant, if any

_____
(Type or Print Your Name Here)

_____
Capacity of person(s) signing, if
other than in an individual capacity,
e.g., Beneficial Owner, Executor or
Administrator

OLSTEN CORPORATION SECURITIES LITIGATION
c/o BERDON LLP
P.O. BOX 9014
JERICHO, NY 11753-8914

FINAL NOTICE

August 15, 2002

NO INFORMATION LETTER
SAMPLE

Your Claim Number: OLSTEN-2

Dear Claimant:

We have previously acknowledged receipt of the Proof of Claim and Release form you filed in connection with the Olsten Corporation Securities Litigation, which has been assigned the above claim number.

After careful examination of your claim, we have found it to be deficient for the following reason(s):

- You did not indicate on your Proof of Claim and Release form any of the following:

    1. Number of shares of Olsten Corporation common stock held at the close of trading on February 4, 1996.

    2. Purchases of shares of Olsten Corporation common stock made during the period from February 5, 1996 through July 22, 1997, inclusive.

    3. Additional acquisitions of Olsten Corporation common stock made during the period from July 23, 1997 through April 30, 2001, inclusive.

    4. Sales of shares of Olsten Corporation common stock made during the period from February 5, 1996 through April 30, 2001, inclusive.

    5. Number of shares of Olsten Corporation common stock held at the close of trading on July 22, 1997.

    (Acceptable documentation includes, but is not limited to, one of the following: a copy of your brokerage statement or confirmation slip; a copy of Schedule D for your tax return(s); a letter from the broker. The documentation must include the trade date, number of shares purchased/sold, cost and sales proceeds.)

- Other (if applicable): _____

_____

_____

If you fail to furnish all the information requested above within ten (10) days from the date of this letter, we will recommend to the Court that your claim be either partially or completely rejected, without further notice.

Please be advised that distribution cannot be made until all claims have been examined and evaluated. The distribution of settlement will be made in accordance with the Plan of Allocation as described in the Notice of Pendency of Class Action, Settlement and Hearing Thereon. Distribution of the Net Settlement Fund is also subject to final approval by the Court.

Please refer to our website www.BERDONLLP.com/claims for complete list of various types of documentation deemed acceptable by this office as well as the up-to-date information on the status of this case. Should you have any further questions regarding this letter, please contact us at 1-800-766-3330.

It is extremely important that you advise us of any change of address by mail to the above address, or by fax at 516-931-0810.

Very truly yours,

Claims Administrator
Olsten Corporation Securities Litigation